# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,** <br> George H. Fallon Federal Building <br> 31 Hopkins Plaza, Suite 1432 <br> Baltimore, MD  21201 <br><br> Plaintiff, <br><br> v. <br><br> **Accessible Physical Therapy Services, LLC** <br> 9801 Georgia Ave <br> Silver Spring, MD (Montgomery County) <br> MD 20902 <br><br><br> **Defendant.** | Civil Action No. <br><br><br><br><br><br> **COMPLAINT** <br><br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Mary McClean.  As alleged with greater specificity in paragraph 12 below, the Commission charges that Defendant Accessible Physical Therapy Services, (APTS or Defendant) has engaged in sex discrimination by denying hire to Mary McClean because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Greenbelt Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability company doing business and operating within Montgomery County in the State of Maryland with at least fifteen (15) employees. It is a physical and occupational therapy practice which treats a broad range of musculoskeletal conditions and bills through health insurance and other arrangements.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Mary McClean filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On February 24, 2023 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with

the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On May 19, 2023 the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since at least in or around August 2021, Defendant has engaged in unlawful employment practices in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§2000e(k) and 2000e-2(a). The practices include the following:

   a. McClean earned a master's degree in occupational therapy from Trinity Washington University in or around June 2021.

   b. In or around July 2021 McClean applied for an occupational therapist position with ATPS, an occupational and physical therapy provider.

   c. At the time of the application McClean was pregnant.

   d. Defendant's Regional Director offered McClean the job via text message on or around Friday, July 30, 2021.

   e. McClean replied via text the same day stating that she was considering another offer. She requested information regarding the benefits Defendant offered. Defendant's Regional Director promptly texted information regarding benefits.

   f.  On or about the following Monday, August 2, 2021 McClean texted Defendant's Regional Director, informed him that she was pregnant, and requested information on Defendant's pregnancy leave policies. The Regional Director did not immediately reply.

   g. On or about the following day, Tuesday, August 3, 2021 McClean sent the Regional Director a follow up text. He texted back saying that her job offer was withdrawn because he had "decided not to make any hire at this time based on a new development."

   h. Respondent then offered McClean's position to one of her classmates at Trinity Washington University, also a recent graduate, who had no training or experience beyond that possessed by McClean.

   i. McClean accepted an inferior position with another employer.

13. The effect of the practices complained of above in Paragraph 12 has been to deprive McClean of equal employment opportunities and otherwise adversely affect her rights under Title VII resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of McClean.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex including discrimination on the basis of pregnancy;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of Defendant's past and present unlawful employment practices;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of sex including pregnancy, that they will comply with all aspects of Title VII, and that they will not take any action against employees because they have exercised their rights under the statute;

D. Order Defendant to make McClean whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including a proper placement or front pay in lieu thereof;

E. Order Defendant to make McClean whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above;

    F.    Order Defendant to make McClean whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

    G.    Order Defendant to pay McClean punitive damages for its callous indifference to her federally protected right to be free from discrimination based on pregnancy;

    H.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    I.    Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

DEBRA M. LAWRENCE
Regional Attorney


_____/s/_____
ERIC S. THOMPSON
Senior Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432

Baltimore, MD  21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270